**UNITED STATES of America**

v.

**Florio ISABELLA, Defendant.**

**No. 24697.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1957.

Decided Jan. 23, 1958.

224

Paul W. Williams, U. S. Atty. for the S. D. of New York, New York City (William D. Walsh, Asst. U. S. Atty., New York City, of counsel), for the United States.

Florio Isabella, pro se.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Florio Isabella was convicted on three counts of an indictment charging violations of the narcotics laws, 21 U.S.C.A. §§ 173–174, and conspiracy in violation of 18 U.S.C. § 371. An information having been filed charging previous convictions he was sentenced by Judge Edelstein as a third offender on May 1, 1957, to fifteen years imprisonment on Counts 1 and 2, to run concurrently, and to five years probation on Count 3, to begin after the service of the term of imprisonment. He

was represented by counsel who stated in open court, immediately after the imposition of sentence, that Isabella would appeal to this Court.

The notice of appeal, however, which should have been filed on the tenth day after sentence or on May 11, 1957 at the latest, was not filed in the Office of the Clerk of the District Court for the Southern District of New York until Monday, May 13, 1957. This late filing of the notice was due to the oversight or neglect of the attorney whom Isabella retained to prosecute his appeal, or someone to whom his attorney delegated the task of the timely filing of the notice. Shortly thereafter this attorney refused to render further services because of Isabella's inability to pay the fee he requested for prosecution of the appeal. Nevertheless, on October 21, 1957 Isabella, not aware of the late filing of the notice but rather with the belief that his appeal was still pending, submitted to the Clerk of this Court a motion for leave to proceed with his appeal *in forma pauperis*, requesting a copy of the transcript of the trial minutes at government expense. The United States Attorney did not file any papers in opposition to this motion, but instead noticed a motion for December 9, 1957 to dismiss the appeal as not timely taken. Then Isabella learned for the first time that the notice of his appeal had not been filed within the required time.

In opposition to the motion of the United States Attorney Isabella takes the position that the mere difference of two days, one of which was a Sunday, is a technical and unsubstantial basis for dismissing the appeal which he believed had been timely taken. Arguing *pro se* he urges the following reasons for the denial of the motion to dismiss:

1. That on the day of sentence his attorney "orally served notice that he would appeal."

2. That "due to the religion of his attorney" Saturday, May 11, 1957 was not a working day and "the modern, prevalent practice of working only a five-day week" eliminates from the usual computation Saturdays and Sundays.

3. That there had been a waiver by reason of the delay in calling attention to the late filing of the notice of appeal, Isabella having in the interval made efforts to perfect his appeal and finally submitted *pro se* his application for leave to prosecute the appeal *in forma pauperis* and to obtain a copy of the transcript of the trial minutes at government expense.

The question in this case is one of power; for, if this Court had discretion in the matter we might well exercise it in favor of the prisoner.

■ It has long been settled law that where a notice of appeal is filed too late no conduct thereafter on the part of the appellee can constitute a waiver or give the appellate court competence to hear and determine the alleged appeal. The timely service of the notice of appeal is the sole legal basis for the authority of the appellate court to proceed.

But a letter addressed to the trial judge has been held a sufficient compliance with Rule 37(a) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C., which provides that an appeal "is taken by filing with the clerk of the district court a notice of appeal in duplicate." Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865. And where the order or judgment appealed from was entered in the clerk's office and the mailing of a notice of such entry is required by Rule 49(c) to start the time to appeal running, we have held that the ten day period mentioned in Rule 37(a) (2) did not start to run until receipt of the notice required by Rule 49(c). Oddo v. United States, 2 Cir., 171 F.2d 854. In that case the appellant was imprisoned in California and the letter mailed by the clerk on March 18 was not received by the prisoner until March 22 or 23.

■ Here, however, Isabella was sentenced in open court on May 1, 1957. The time to appeal started running then and he had notice as he heard Judge Edelstein impose sentence upon him. By every relevant canon of construction

Saturdays are included in computations of the time within which to take appeals in the federal courts; and it matters not that in some or most localities the office of the Clerk of the District Court is only open a half-day on Saturdays or that the attorney in a particular matter observes Saturday as a holiday for religious reasons. To rule otherwise would fly in the face of the plain language of Rule 37.

█ True it is that Isabella's attorney on the day of sentence stated in open court that he would appeal. But we cannot say that an oral notice of appeal is a compliance with a rule requiring the filing in the office of the Clerk of the District Court of a "notice of appeal" and setting forth with particularity the matters required to be stated in such "notice of appeal." Hard cases make bad law and such a ruling would indeed open a Pandora's box.

██ That there was mistake, inadvertence, neglect or something of the sort here is plain enough and if there were in the pertinent rules some general provision authorizing a court to grant relief we might well be disposed to grant such a relief here. The difficulty is that the pattern of the Rules of Civil Procedure and the Rules of Criminal Procedure relative to appeals makes it clear that relief may be granted only in a specified case. The text of the rules is too explicit to leave room for construction to meet the facts of a variety of particular cases of real or seeming hardship. Thus Rule 73 of the Rules of Civil Procedure, 28 U.S.C. indicates that the times for taking appeals therein enumerated are absolute, "except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed." And it is not without significance that no provision whatever is made for "excusable neglect" or any other kind of neglect, mistake or inadvertence in Rule 37 of the Rules of Criminal Procedure. Where a person convicted has an attorney the notice of appeal must be filed within ten days as above noted. Rule 37(a) (2) continues: "When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant." Accordingly, we must grant the Government's motion to dismiss the appeal.

Motion to dismiss the appeal granted.