**UNITED STATES of America, Appellee,**

v.

**Luis Ramirez FERRER, Defendant, Appellant.**

No. 79–1247.

United States Court of Appeals, First Circuit.

Argued Nov. 5, 1979.

Decided Jan. 23, 1980.

Raul Gonzalez Torrents, Rio Piedras, P. R., for defendant, appellant.

Alberto Tellechea, Asst. U. S. Atty., San Juan, P. R., with whom Jose A. Quiles, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and CLARKE,* District Judge.

CLARKE, District Judge.

The defendant-appellant, Luis Ramirez Ferrer, was convicted by a jury in the United States District Court for the District of Puerto Rico on two counts of unlawfully erecting a building on navigable waters of the United States without securing a permit from the United States Army Corps of Engineers (hereinafter "the Corps") in violation of 33 U.S.C. §§ 403, 406. Briefly, the facts giving rise to these violations are that appellant commenced rebuilding over the water a house on stilts and a ramp, previously burned by vandals, after obtaining the necessary permit from the Department of Natural Resources of the Commonwealth of Puerto Rico but without obtaining a permit from the Corps. Prior to rebuilding, appellant had applied for a permit from the Corps but had received no answer.

Appellant appeals his conviction on the basis that the district court erred in not instructing the jury about the defense of mistake of fact and in not ordering the entry of a judgment of acquittal. Appellant bases these allegations of error on his contention that he lacked the requisite criminal intent because he commenced construction of the dwelling in good faith, believing that the permit he received from the Department of Natural Resources satisfied his obligation to obtain permits from both local and federal governments. Appellant also asserts on appeal that the United States lacks jurisdiction over the navigable waters of Puerto Rico; alternatively, if the United States has concurrent jurisdiction with Puerto Rico over the navigable waters in question, the permit issued by the Puerto Rican authority is still fully valid, thereby relieving him of any further permit requirements. According to the foregoing jurisdictional contentions, then, the information against appellant should have been dismissed.

Before addressing the errors alleged by appellant, the Court must first address plaintiff-appellee's contention that appellate jurisdiction is lacking because the filing of the notice of appeal was not timely.

I.

The fact that the ten-day appeal period granted by Rule 4(b), Fed.R.App.P., expired is clear. The verdict was returned on February 4, 1979, and sentencing occurred on March 30, 1979, with judgment being entered on that latter date. Defendant did not file a notice of appeal within ten days of March 30, 1979;[1] rather, on April 11, 1979, defendant filed a "Motion to Extend the Final Period of Appeal." The request to extend the time to docket an appeal was framed both as a motion in arrest of judgment (para. 1) and as a petition for the court to make a determination of excusable neglect (para. 6). Defendant asserted two grounds for establishing excusable neglect:

---

* Of the Eastern District of Virginia, sitting by designation.

1. Rule 4(b), Fed.R.App.P., specifically states: "In a criminal case the notice of appeal by defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Rule 32, Fed.R. Crim.P., delineates a judgment of conviction to include "the plea, the verdict or findings, and the adjudication and sentence." Therefore, in the present case, the 10-day period ran from March 30, 1979, the date on which judgment was entered by the district court.

"[t]hat due to the fact the petitioner's lawyer practice [sic] the profession in San German and attorney Monserrate Matienzo, the other lawyer of the case practice [sic] in San Juan, they were not able to meet to discuss the propriety of the appeal," and "[t]hat besides, that reason the wife of the petitioner's attorney was submitted to an emergency surgery on April 6, 1979." (para. 4 & 5).

■ Under Rule 4(b), Fed.R.App.P., the determination of what constitutes excusable neglect is within the discretion of the trial court: "Upon a showing of excusable neglect the district court may, before or after the time has expired, . . . extend the time for filing the notice of appeal for a period not to exceed 30 days from the expiration of time otherwise prescribed by this subdivision." Therefore, this Court may reverse the district court's determination of excusable neglect[2] only if there was an abuse of discretion.

In reviewing this discretionary determination of excusable neglect, we are mindful of the history of this provision in Rule 4(b), Fed.R.App.P. Although the Rules of Civil Procedure had a provision prior to 1966 for extending the time for appeal based on excusable neglect due to a party's failure to learn of the entry of judgment, the Rules of Criminal Procedure had no corresponding provision and the Rules of Civil Procedure were limited to that one circumstance. When the 1966 Amendments changed former Rule 37(a)(2) of the Fed.R.Crim.P., now Rule 4(b) of the Fed.R.App.P., to authorize, for the first time, the district court to extend the time for appeal in a criminal case, the Advisory Committee Note gave some indication of the circumstances under which a discretionary extension of time could be granted by the district court in citing certain cases which showed the "desirability of a provision permitting an extension in appropriate cases." 9 Moore's Fed.Prac. ¶ 204.13[1], at 971 n.12 & accompanying text (2d ed. 1975); see Stern, *Changes in the Federal Appellate Rules*, 41 F.R.D. 297, 298–99 (1966).

Among the cases cited by the Advisory Committee, *Berman v. United States*, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964); *Fallen v. United States*, 306 F.2d 697 (5th Cir. 1962), rev'd, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); *United States v. Isabella*, 251 F.2d 223 (2d Cir. 1958), the *Isabella* case is particularly applicable to the current case before this Court. In *Isabella*, the failure to file a timely written notice of appeal resulted from the oversight and neglect of defendant's attorney, and such neglect was recognized as a possible basis for a determination of excusable neglect had the Federal Rules so permitted at that time. 251 F.2d at 226. The court did not feel that defendant should be made to suffer because of his attorney's neglect. *See id.* In the case of civil appeals, we have adhered to the rule that extensions of time for excusable neglect should not be granted absent unique or extraordinary circumstances. *See, e. g., USM Corp. v. GKN Fasteners Ltd.*, 578 F.2d 21, 22 (1st Cir. 1978); *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174, 1175 (1st Cir. 1978); *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *Pasquale v. Finch*, 418 F.2d 627, 629–30 (1st Cir. 1969).

---

2. Under Rule 4(b), Fed.R.App.P., a *timely* motion in arrest of judgment stops the 10-day appeal time from running, with a new 10-day appeal period beginning on the date of the entry of an order denying the motion. Rule 34, Fed.R.Crim.P., specifically states: "The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, . . . or within such further time as the court may fix during the 7-day period." Therefore, in order to comply with the timely requirement for a motion in arrest of judgment under Rule 4(b), appellant had until February 21, 1979, to file that particular motion, since the verdict was returned on February 14, 1979. Appellant filed the motion, however, on April 11, 1979. Accordingly, the district court could not have correctly considered the motion as one for an arrest of judgment, leaving a determination of excusable neglect as the only other basis for granting an extension to file the notice of appeal under these factual circumstances and Rule 4(b), Fed.R.App.P.

While the present facts would not warrant a finding of excusable neglect in a civil case under Rule 4(a), we are not persuaded that the district court here abused its discretion under Rule 4(b), where the criminal defendant's special interest in his appeal and the shorter initial period for appeal present different issues. *See* 9 Moore's Federal Practice ¶ 204.13[1], at 971–72 & n.15 (2d ed. 1975). We do not mean to suggest that the district court was bound to find excusable neglect here, only that in a criminal setting "we accord 'great deference' to the district court's ruling on 'excusable neglect'." *Pasquale v. Finch, supra* at 630.

■ While this Court may not agree with a determination of excusable neglect based upon the inability of counsel to discuss the propriety of an appeal, particularly since this discussion could have been conducted over the telephone, we cannot say that the district court abused its discretion when it granted defendant's motion for an extension of time to file an appeal, presumably because it determined that there was excusable neglect.[3]

## II.

The district court did not err in not ordering entry of a judgment of acquittal for lack of criminal intent. Rule 29(a), Fed.R. Crim.P., allows entry of a judgment of acquittal to protect a defendant "if the evidence is insufficient to sustain a conviction." As this Court has stated, however, "[i]n evaluating an appeal from a defendant's motion for a directed verdict of acquittal, we must evaluate the evidence in the light most favorable to the prosecution, with all inferences that may legitimately be drawn." *United States v. Gabriner*, 571 F.2d 48, 50 (1st Cir. 1978), *citing, United States v. Scibelli*, 549 F.2d 222, 229 (1st Cir. 1977); *United States v. Klein*, 522 F.2d 296,

302 (1st Cir. 1975); *United States v. Doran*, 483 F.2d 369, 372 (1st Cir. 1973).

In the present case, defendant-appellant was charged and convicted of two counts of violating 33 U.S.C. § 403, which reads in pertinent part:

The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army

. . . . .

Violation of section 403 is deemed a misdemeanor under 33 U.S.C. § 406, which latter section then gives the district court discretion to impose a fine, imprisonment, and/or removal of the structure.[4]

■ The Government's evidence established that appellant did not obtain a permit from the Corps, but that he did build a wooden house on stilts and a wooden ramp or catwalk in the navigable waters of the United States where no harbor lines had been established. That he did this unlawful construction knowingly can be inferred from the evidence before the trial court.

The Department of Natural Resources and the Corps held a series of meetings in June and July of 1977 with the residents of La Paraguera to explain the authority of each agency and the permit requirements of each. During these meetings, it was emphasized that no new illegal construction would be allowed, and applications for a Corps permit, a Form 4345, were distribut-

---

3. Although the record does not indicate the reason for the district court's granting of an extension of time for filing the notice of appeal, this Court has proceeded on the basis that the extension was granted because of excusable neglect. *See* note 2 *supra*.

4. Defendant-appellant was placed on probation for one year, fined $500.00 on each count, and ordered to remove the dwelling from the navigable waters.

ed. The evidence showed that appellant was at the 1977 June and July meetings at La Paraguera, and that he did, in fact, file a Form 4345 with the Corps on July 13, 1977. In September 1977, before receiving approval from the Corps, appellant began construction of the house and catwalk. The foregoing evidence before the trial court clearly was sufficient to support a conviction under 33 U.S.C. §§ 403, 406, in that it can be inferred that defendant-appellant knowingly and unlawfully constructed the house and catwalk without a Corps permit knowing that one was required.

### III.

■ Appellant now asserts that the district judge erred in not instructing the jury about the defense of mistake of fact because there was evidence to support a conclusion that he could have in good faith believed that the permit from the Puerto Rican authority was sufficient. Even if the Court agreed with defendant's contention, which it does not in light of the Court's previous review of the evidence in regard to criminal intent, the record shows neither a request by defendant for such an instruction nor an objection to the judge's failure to give a mistake of fact instruction. Since the defendant failed to raise properly the instruction or objection in the district court, he may not raise the issue on appeal, absent "plain error" on the part of the trial judge. See Henderson v. Kibbe, 431 U.S. 145, 154–57, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); Singer v. United States, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

There is no allegation of "plain error" such as the jury not being instructed prop-. erly on the essential ingredients of the of-

fense upon which the conviction rested as in Screws v. United States, supra. Here, the alleged error was that a mistake of fact instruction was not given, and the Supreme Court's assessment of the situation in Henderson v. Kibbe, supra, is particularly applicable to the case at bar:

> In this case, the respondent's burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation—beyond the reading of the statutory language itself—of the causation element. An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of. the law.

431 U.S. at 155, 97 S.Ct. at 1737. Accordingly, we find no merit to this allegation of error because appellant did not raise the issue at trial, and the omission cannot be classified as "plain error."

### IV.

■ Finally, appellant asserts that the United States lacks jurisdiction over the navigable waters of Puerto Rico;[5] consequently, the information against him should have been dismissed. In Guerrido v. Alcoa Steamship Co., 234 F.2d 349 (1st Cir. 1956), this Court addressed at length the question of the applicability of United States' admiralty and maritime law to the navigable waters of Puerto Rico.[6] Therefore, rather than again detail the history of the federal and Puerto Rican legislation involved in our decision in Guerrido, we will focus on the key provision in the federal legislation— Section 8 of the Jones Act, 48 U.S.C. § 749.

While section 8 of the Jones Act places all harbor areas, navigable streams, and bodies of water in Puerto Rico in the control of

---

**5.** There is no argument on appeal over the fact that the water in question is a navigable portion of the Caribbean Sea.

**6.** This Court further notes that in Commonwealth v. Alexander, 438 F.Supp. 90 (D.D.C. 1977), a case in which Judge Waddy held that the Federal Water Pollution Control Act Amendments of 1972 were not locally inappli-

cable and therefore applied to the non-navigable waters of Puerto Rico, the Commonwealth in argument conceded that the United States has jurisdiction over the navigable waters of Puerto Rico; the only point of contention was jurisdiction over the non-navigable waters. See also P. F. Z. Properties, Inc. v. Train, 393 F.Supp. 1370 (D.D.C.1975).

that Commonwealth, it specifically provides that:

> All laws of the United States for the protection and improvement of the navigable waters of the United States and the preservation of the interests of navigation and commerce, *except so far as the same may be locally inapplicable* shall apply to said island and waters and to its adjacent islands and waters.

48 U.S.C. § 749 (emphasis added).

Relying on the above provision of the Jones Act, we concluded in *Guerrido* that:

> . . . the rules of the admiralty and maritime law of the United States are presently in force in the navigable waters of the United States in and around the island of Puerto Rico *to the extent that they are not locally inapplicable* either because they were not designed to apply to Puerto Rican waters or *because they have been rendered inapplicable to these waters by inconsistent Puerto Rico legislation.* This is not to say, of course, that Puerto Rican legislation could thus supplant a rule of maritime law which Congress in the exercise of its constitutional power has expressly made applicable to Puerto Rican waters.

234 F.2d at 355 (emphasis added). *See also Garcia v. Friesecke*, 597 F.2d 284 (1st Cir. 1979), *petition for cert. filed,* —— U.S. ——, 100 S.Ct. 292, 62 L.Ed.2d 306; *Fonseca v. Prann*, 282 F.2d 153, 156–57 (1st Cir. 1960) (Puerto Rico has authority "to enact legislation inconsistent with the Jones Act").[7]

The relevant question, then, is whether the Puerto Rican permit requirement was inconsistent with the permit required by 33 U.S.C. § 403, and so superseded § 403. It is not inconsistent merely because two permits are required; concurrent state and federal jurisdiction is acceptable under § 403. *See North Shore Boom & Driving Co. v. Nicomen Boom Co.*, 212 U.S. 406, 29 S.Ct. 355, 53 L.Ed. 574 (1909). Thus, appellant must establish that the Puerto Rican permit requirement was inconsistent with, and so superseded, the federal law. Appellant has not pointed out any inconsistency between the two permit requirements, and, therefore, his allegation that federal jurisdiction is lacking is without merit.

■ Appellant further argues that even if the United States and Puerto Rico have concurrent jurisdiction over the navigable waters of Puerto Rico, his permit from the Commonwealth's Department of Natural Resources is fully valid and that the information should be dismissed on this basis. Appellee does not contest the validity of the Puerto Rican permit; the issue is whether appellant unlawfully failed to obtain a permit from the Corps. The fact the concurrent jurisdiction exists implies that compliance with both the federal statute and the local regulations are required, absent an inconsistency in the two requirements. Appellant's own expert admitted that a permit from the Department of Natural Resources does not free an individual from complying with other applicable federal or Commonwealth law. Excerpt of Trial at 13. Therefore, the fact that appellant secured a valid Puerto Rican permit is not a basis to dismiss the information charging a violation of federal law.

For the reasons set forth in this Opinion, we find all of appellant's contentions without merit. *The judgment of the district court is affirmed.*

---

7. For a more recent discussion of the "locally inapplicable" standard, see *Caribtow Corp. v. Occupational Safety & Health Review Comm'n*, 493 F.2d 1064 (1st Cir.), *cert. denied*, 419 U.S. 830, 95 S.Ct. 52, 42 L.Ed.2d 55 (1974).