Elmer Gerard PRATT,
Petitioner–Appellant,

v.

D.J. McCARTHY, Superintendent,
Respondent–Appellee.

No. 87–5540.

United States Court of Appeals,
Ninth Circuit.

July 7, 1989.

Before WALLACE, BEEZER and LEAVY, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

We deny the petition for rehearing. We conclude that our decision does not conflict with *United States v. Houser*, 804 F.2d 565 (9th Cir.1986). In both *Pratt* and *Houser*, a convicted prisoner attempting to pursue an appeal of an adverse district court decision was told by his attorney that the attorney would file the notice of appeal; the attorney then failed to do so. *Pratt* holds that this does not constitute excusable neglect for purposes of Fed.R.App.P. 4(a), which applies to civil appeals. *Houser* held that it did for purposes of Fed.R.App.P. 4(b), which applies to criminal appeals, because the prisoner did everything he could under the circumstances to perfect his appeal during the time allowed. The full meaning of this statement has yet to be decided. The opinion cited as authority *United States v. Avendano-Camacho*, which stated at the same time that "this exception has been narrowly construed, and attorney neglect has not been seen as providing a basis for relief." 786 F.2d 1392, 1394 (9th Cir.1986).

We need not, however, solve that problem in this petition. *Houser* deals with criminal appeals and *Pratt* with civil appeals. Rules 4(a) and 4(b) differ on their face, each prescribing a different procedure for obtaining an extension. Rule 4(a) explicitly requires that the request for extension of time be by motion, while Rule 4(b) permits the request "with or without motion and notice." In addition, the time limits in Rule 4(b) are more accelerated than those of Rule 4(a).

With these apparent differences, it should come as no surprise that our review of discretion exercised by the district court would also be different. Thus, it has been held that the amount of deference accorded to the district court's ruling on excusable neglect is greater in criminal appeals under Rule 4(b) than in civil appeals under Rule 4(a). *United States v. Ferrer*, 613 F.2d 1188, 1190–91 (1st Cir. 1980). In evaluating whether a district court finding excusable neglect under Rule 4(b) abused its discretion, it is proper to consider "the criminal defendant's special interest in his appeal and the shorter initial period for appeal." *Id.* This does not mean that the district court is required to find excusable neglect more readily, merely that when it does find excusable neglect, greater deference is due its decision. *Id.*

Because the discretion allowed the district court is less in civil than in criminal appeals, *see id.*, our review of the order granting an extension of time to file a notice of appeal in *Pratt* was less deferential. *Houser*, which deals with review of discretion in a criminal context, does not bar our ruling.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied, and the suggestion for rehearing en banc is rejected.