**Natalie DOYLE and Gerald Doyle, Plaintiffs,**

v.

**Gerald A. SHUBS, M.D., Defendant.**

**Civ. A. No. 87–2278 WD.**

United States District Court,
D. Massachusetts.

Sept. 18, 1989.

Motion to Amend Denied
Nov. 22, 1989.

L. Barry Tinkoff, Jeffrey S. Entin, Sahady, Entin & Entin, Fall River, Mass., for plaintiffs.

James E. McCambridge, III, Alan B. Rindler, Morrison, Mahoney & Miller, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

WOODLOCK, District Judge.

This is the latest chapter in a saga of professional neglect. The underlying ac-

---

tion was brought by a woman who alleges that she was not provided with medical services at an acceptable level of care or skill. The conduct of her counsel in this action has raised the question whether she has been provided with legal services at an acceptable level of attentiveness. The issue currently before me is whether to extend the period for noticing an appeal after her counsel let the appeal period lapse without taking any action.

By a Memorandum and Order dated July 12, 1989, 717 F.Supp. 946, I dismissed the underlying action on statute of limitations grounds. In that memorandum, I noted the Affidavit of plaintiffs' counsel stating that counsel had been retained on March 25, 1983, to prosecute this medical malpractice case arising out of a 1980 operation, but did not file the complaint until December of 1986. *Memorandum* at 949 n. 3.

Judgment was entered on July 13, 1989.

Over 30 days later, on August 17, 1989,[1] plaintiffs' counsel filed a "Motion to Extend Notice of Appeal," seeking to extend the plaintiffs' right of appeal for another 30 days "in accordance with the Federal Rules of Appeal (sic) 4(a)." Although the motion does not identify which paragraph of Rule 4(a) counsel was relying upon, the only pertinent provision is paragraph 4(a)(5). That paragraph provides:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a) [in this case 30 days after the date of entry of the judgment] ... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

The "Motion to Extend" made no reference to either "excusable neglect or good cause." Consequently, no effort was made to show the applicability of either circumstance. Rather counsel provided the following narrative:

The Court's Memorandum and Order dated July 12, 1989 was received by counsel on or about July 14, 1989. Prior thereto Plaintiff had gone to the State of Florida to visit with family, has been there since then and is not due to return until August 31, 1989. In the interim her husband who is also a Plaintiff was hospitalized. Counsel sent notice to the Plaintiff at her local address, and apparently said notice was not forwarded to her until this past week and counsel first received notice from the Plaintiff on August 15, 1989 that she would like to discuss the Courts (sic) Ruling and make a determination as to whether or not it would be feasible to file an appeal notice after she had an opportunity to discuss same with counsel.

■ While the neglect of counsel is obvious here, there is nothing excusable involved. The Supreme Court has recently underscored the rigidity with which the appeal period limits will be enforced. In *Torres v. Oakland Scavenger Co.,* ── U.S. ──, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Court refused to entertain an appeal by a party whose name was left out of the notice of appeal filed by a large number of plaintiffs due to a clerical error. The Court observed

> [t]hat the mandatory nature of the time limits contained in Rule 4 would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal. Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the rules do not grant courts the latter power, we hold that the rules likewise withhold the former.

*Id.* 108 S.Ct. at 2408. *See also Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (the taking of an appeal within the prescribed time is mandatory and jurisdictional and cannot be waived even in the face of a

---

1. The Motion, while received for filing on August 17, bears the typewritten date August 15.

Even the August 15 date, of course, is more than 30 days after judgment was entered.

well-founded uncertainty about the finality and hence appealability of a case in which judgment had entered but the question of attorney's fees had not been decided).

Competent counsel must be assumed to be aware that relief from the strictures of Fed.R.App.P. 4(a) will not be obtained easily. Moreover, here the issue of the past neglect of counsel to act in a timely fashion for the plaintiff was specifically identified as an open question then beyond the scope of "this *medical* malpractice action." Memorandum at 949–950 n. 3 (emphasis in original).

Yet plaintiffs' counsel remained heedless of the demanding legal context of Fed.R. App. P. 4 and of their own prior litigation history, a history which had prompted the court to observe that plaintiffs' counsel had not earlier "shown any particular diligence in conducting their investigation of plaintiffs' claims," *id.* at 949 n. 3. Even accepting counsel description of the reasons the appeal period ran, all plaintiffs' counsel did to protect the plaintiffs' appeal rights was drop a "notice" (presumably a copy of the July 12, 1989 Memorandum) in the mail to their client. They then just sat and waited until after the appeal period had elapsed and the plaintiff had contacted them with predictable questions before moving for an extension of time. It appears that counsel made no other effort before the appeal period ran to obtain their clients' views on the appropriate next step.[2] There is no excuse for such neglect.

▇ I turn then to the "good cause" branch of justification for extending the appeal period. *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir.1986).[3] There has been no

extensive gloss placed on the phrase "good cause" since its inclusion in the 1979 amendments to Fed.R.App.P. 4. In *Scarpa* the First Circuit found good cause when the postal service inexplicably failed to deliver a letter from West Springfield to Springfield in seven days.

An analogy is found in the criminal appellate context. In *United States v. Ferrer*, 613 F.2d 1188 (1st Cir.1980), the court gave an indication of the type of attorney inattention which would could be relieved in the trial court's discretion. In *Ferrer*, trial counsel based their request for an extension on the assertions that " 'they were not able to meet to discuss the propriety of the appeal,' and '[t]hat besides, that reason the wife of the petitioner's attorney was submitted to an emergency surgery' " while the notice period was running. *Id.* at 1190. Although plainly uncomfortable in doing so, the First Circuit used the flexibility afforded by an abuse of discretion review standard to fit the facts into an "excusable neglect" mold for criminal cases. As the Court put its conclusion:

> While this Court may not agree with a determination of excusable neglect based upon the inability of counsel to discuss the propriety of an appeal, particularly since this discussion could have been conducted over the telephone, we cannot say that the district court abused its discretion when it granted defendant's motion for an extension of time to file an appeal, presumably because it determined that there was excusable neglect.

*Id.* at 1191.

It is apparent that the court in *Ferrer* would have been more at ease in using

---

**2.** I find the reference in the motion filed by plaintiffs' counsel to the need to "make a determination *as to whether or not it would be feasible* to file an appeal notice" (emphasis supplied) somewhat troubling. Competent counsel facing uncertainty about whether an appeal is advisable not infrequently file a protective notice of appeal to preserve appellate rights. The only conceivable reason not to take such a step would appear to be concern whether the client could or would bear the financial burden of fully paying counsel to prosecute the appeal. To the degree that the question of "feasibility" is introduced, it would appear that trial counsel are concerned whether they will obtain compen-

sation for seeking review of a decision resting upon their own failure to bring suit on plaintiffs' behalf in a timely fashion.

**3.** In *Scarpa* the First Circuit rejected the view of other circuits that the "good cause" showing is only applicable before the initial 30–day appeal period has run. *See generally* 16 Wright & Miller, *Federal Practice and Procedure* § 3950 at 363 (1989 Supp.) (approving *Scarpa*). Accordingly, I consider whether "good cause" can be found here despite the fact the initial appeal period had run before the motion to extend was filed.

the "good cause" standard—had it been available—to insure that a party not be made to suffer because the failure to file a timely notice of appeal resulted from inattention of her counsel over which she had no control.

I find such a use of the "good cause" standard to be appropriate here. The plaintiff, from all that appears, has been the victim of both medical and legal inattentiveness. She should have an opportunity to discuss her future courses of action with counsel of her choice to determine whether to proceed with an appeal and/or pursue some other avenues for recovery. The failure of her counsel at the trial court level to attend to her legal needs in a diligent and timely fashion should not be charged against her, especially when that inattentiveness went so far as to keep her in the dark about the running of another important filing deadline.

Accordingly, I will allow the motion to extend the filing period for a notice of appeal. The clerk is directed to mail a copy of this Memorandum (together with a copy of the July 12, 1989 Memorandum and Order, in case it was not the "notice" her counsel mailed her) directly to the plaintiff in addition to counsel of record. The parties are now advised that if the notice of appeal is not filed on or before September 28, 1989, see Fed.R.App.P. 4(a)(5) & 26(a), the rules permit no further extensions. See Fed.R.App.P. 26(b). In this connection the plaintiff may wish to obtain additional legal opinions beyond those of the counsel who represented her at the District Court level regarding the advisability of appeal from the dismissal on statute of limitation grounds and/or of other avenues of legal recourse, including direct recourse with respect to the action—or more accurately stated, inaction—of her present counsel.