Natalie DOYLE and Gerald
Doyle, Plaintiffs,

v.

Gerald A. SHUBS, M.D., Defendant.

Civ. A. No. 87-2278-WD.

United States District Court,
D. Massachusetts.

Nov. 22, 1989.

L. Barry Tinkoff and Jeffrey S. Entin,
Sahady, Entin & Entin, Fall River, Mass.,
for plaintiffs.

James E. McCambridge, III and Alan B.
Rindler, Morrison, Mahoney & Miller, Boston, Mass., for defendant.

## ORDER ON MOTION TO AMEND

WOODLOCK, District Judge.

Plaintiffs' counsel, Messrs. Tinkoff and Entin, have filed a document styled "Motion to Amend, Alter and/or Make Additional Findings by the Court Pursuant to Rule 52 of the Federal Rules of Civil Procedure to the Memorandum and Order Dated September 18, 1989." ("Motion to Amend"). 721 F.Supp. 379. The September 18 Memorandum and Order allowed a belatedly raised request for an extension of time to file a notice of appeal from the Memorandum and Order dated July 12, 1989 granting summary judgment on statute of limitations grounds. *Doyle v. Shubs*, 717 F.Supp. 946 (D.Mass.1989). Judgment was formally entered disposing of the case on July 13, 1989.

In the instant Motion to Amend, the plaintiffs' counsel assert that findings "concerning the attentiveness, alleged neglect and conduct of plaintiff's counsel" are "clearly erroneous." *Motion to Amend* at first unnumbered page. They point to no specific findings but make only generalized reference to the September 18 Memorandum.

Their prayer provides:

L. Barry Tinkoff, Esquire and Jeffrey S. Entin, Esquire move that all findings and references in the Memorandums (sic) and Orders dated September 18, 1989 and July 12, 1989, incorporated by reference into the former insofar as said findings and comments are adverse to said counsel and imply or indicate that the Plaintiff's case against the Defendant was adversely affected by any such inattentiveness, neglect or other deficient conduct of such counsel be stricken.

*Motion to Amend* at fourth and fifth unnumbered pages.

I put to one side whether the statement of reasons set forth in the September 18 and July 12 Memoranda may be considered findings of fact within the ambit of Rule 52. I similarly put to one side the plain language of Rule 52 which provides that motions pursuant to the Rule are to be filed within 10 days after entry of judgment.[1] I set forth verbatim below the reasons assigned by the plaintiffs' counsel for their motion. The court's response to each is contained in a footnote at the conclusion of the separate numbered ground.

---

1. Plaintiffs' counsel appear altogether incapable of presenting their contentions in a timely manner. As the July 12, 1989, Memorandum and Order, *Doyle v. Shubs*, 717 F.Supp. 946 (D.Mass. 1989), made clear, the complaint was not timely filed and it was not until after the hearing on summary judgment that plaintiffs' counsel raised their strongest, albeit unsuccessful, statute of limitations defense. *Id.* at 949, n. 3. As the Memorandum and Order of September 18, 1989, made clear, they neglected to file a Notice of Appeal in a timely fashion. The instant untimely Motion to Amend, Alter and/or Make Additional Findings—filed over two months after the judgment and "incorporated by reference" Memorandum to which they object—is of a piece with the previous practice of plaintiffs' counsel. Apparently, in an effort to leave the door open to yet further belated filings, plaintiffs' counsel purport to "reserve the right to introduce further Affidavits with regard to the above and request a hearing on the within Motion." *Motion to Amend* at fourth unnumbered page. No affidavit accompanied the Motion to Amend. This "reservation of rights" is rejected. *See* Rule 17(a) of the Local Rules of the United States District Court for the District of Massachusetts ("Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.") No hearing is necessary to dispose of the motion. L.R.17(d) & (e).

## I. COUNSEL'S NUMBERED GROUNDS

"1. The Court previously found in a Memorandum and Order dated July 12, 1989 that the Statute of Limitations expired on or about March, 1986 as a result of a certain letter written by Plaintiff in March, 1983. Prior to retaining either counsel, the existence of the letter was unknown to either counsel until filed with Defendant's responsive pleadings on and after 1987." [2] *Motion to Amend* at first and second unnumbered pages.

"2. In view of the finding referred to in Number One above, there could be no neglect in attentiveness (sic) or fault on the part of any Plaintiff's attorney who had no involvement in this case prior to March, 1986. The Court found on Page 8 of the Memorandum and Order of July 12, 1989, that counsel, Jeffrey S. Entin did not join this action representing the Plaintiff until some time on or after 1987. Therefore, any findings of the Judge concerning the degree of care or skill of Jeffrey S. Entin as may affect the Plaintiff's medical malpractice action against the Defendant should be stricken from the record and the Memorandums (sic) and Order dated September 18, 1989 and July 12, 1989, as it relates to said counsel." [3] *Motion to Amend* at second unnumbered page.

"3. As concerns co-counsel, L. Barry Tinkoff, Esquire; he referred the Plaintiff's medical malpractice action immediately on the date he was initially contacted by the Plaintiff on or about March 25, 1983 to other counsel in Rhode Island, one Delphis Jones, who then *solely* undertook to represent the Plaintiff in accordance with the findings of the Court on Page 8 of the Memorandum and Order dated July 12, 1989. At that time said Attorney Jones took the entire Plaintiff's file under his care and custody for the purpose of prosecuting Plaintiff's medical malpractice claim against the Defendant." [4] *Motion to Amend* at second unnumbered page (emphasis supplied).

## II.

Having carefully considered the contentions of plaintiffs' counsel, I hereby deny their Motion to Amend.

I note that the principal plaintiff, Natalie Doyle, has herself filed *pro se* a notice of appeal. The Motion to Amend—which does not bear a proper certificate of service, *see generally* L.R.11(b)—does not show it was provided to the plaintiff.[5] Accordingly, in order to assure that plaintiff, who has now made an appearance in this action, is fully informed concerning the litigation, the Clerk is directed to mail a copy of this Memorandum—together with the Motion to Amend itself—directly to her.

---

**2.** The circumstances of plaintiffs' retention of counsel as reported are set forth in the words of counsel in the July 12, 1989 Memorandum. 717 F.Supp. at 949 n. 3. No further comment is necessary on this point.

**3.** As counsel note, the court in its July 12, 1989, Memorandum incorporated counsels' report that Attorney Entin did not become engaged until sometime in 1987. 717 F.Supp. at 949 n. 3. This, however, does not bear upon the question of his attentiveness to the action thereafter.

**4.** Attorney Tinkoff earlier reported to the court that "the plaintiff had originally retained counsel L. Barry Tinkoff *and* Delphus (sic) Jones, an attorney who was practicing in Rhode Island, on March 25, 1983." 717 F.Supp. at 949 n. 3

(emphasis supplied). The new contention that Attorney Tinkoff thereafter "had no responsibility for the prosecution of Plaintiff's case as aforesaid during the three years prior to the expiration of the Statute of Limitations as found by this Court," *Motion to Amend* at third unnumbered page, involves an issue to be addressed, if necessary, in some other forum.

**5.** The only indication that copies of the Motion to Amend may have been sent to others is found in the carbon copy designation on the cover letter transmitting the Motion. The "cc" designation does not show a copy going to either of the plaintiffs.