999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Wayne BLEVINS, Defendant-Appellant.
 No. 92-6538.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from the denial of a post-conviction motion styled as a "Motion for relief from judgment pursuant to Rule 60(b) and Rule 65 of Federal Rules of Civil Procedure." On January 17, 1992, Michael Wayne Blevins pleaded guilty to one count of aiding and abetting and conspiring to possess with the intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2. The district court sentenced Blevins to a 120 month term of imprisonment on March 30, 1992. Blevins did not take a direct appeal from this decision.
 
 
 4
 On September 11, 1992, Blevins filed the aforementioned motion in which he challenged the territorial jurisdiction of the district court over the crime charged. The government responded and the court subsequently denied the motion. This appeal followed. The parties have briefed the issues; Blevins is proceeding without counsel.
 
 
 5
 Upon consideration, we find no error in the proceedings on review. The district court construed Blevins's motion as a Fed.R.Crim.P. 34 motion for arrest of judgment and denied it as being filed out of time. The crux of Blevins's motion is that none of the crimes with which he was charged was committed on land owned by the United States or on territory over which a state has ceded criminal jurisdiction to the United States. The court, Blevins reasons, was therefore without jurisdiction over the offenses charged.
 
 
 6
 Blevins's motion was plainly an attack on the jurisdiction of the district court over the offense charged in the context of a criminal action. Neither Civil Rule 60 (Motion for Relief from Judgment) nor Civil Rule 65 (Injunctions) addresses this situation. If we thus adopt the court's interpretation of the motion as one properly made under Criminal Rule 34, it is plainly out of time. See, e.g., United States v. Ferrer, 613 F.2d 1188, 1190 n. 2 (1st Cir.1980).
 
 
 7
 There is support in case law for interpreting Blevins's motion as a motion to vacate sentence under 28 U.S.C. § 2255. See, e.g., Sinito v. United States, 750 F.2d 512, 513 n. 2 (6th Cir.1984). This construction, however, does not mandate a remand of the case at bar for the motion is patently without substance. Blevins contends that the trial court lacked jurisdiction because Tennessee has not consented to federal jurisdiction over federal crimes committed in that state. "Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise of that jurisdiction." United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993). The appeal lacks merit.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation