## NATIONAL LIFE INSURANCE COMPANY

v.

## HARTFORD ACCIDENT & INDEMNITY COMPANY.

Misc. No. 78–780.

United States District Court,
E. D. Pennsylvania.

July 2, 1979.

William J. Gallwey, III, Miami, Fla., for petitioner.

### MEMORANDUM

POLLAK, District Judge.

On April 24, 1979, I entered an order denying the motion of plaintiff-movant, National Life Insurance Company, to compel respondent, Arnold Weiss, to answer certain questions put to him at a deposition. Although the records of the Clerk's Office suggest that notice of the entry of the order was sent to William J. Gallwey, III, Esq., a Florida attorney, who is plaintiff's counsel of record, Mr. Gallwey's affidavit establishes that he did not in fact receive notice from the Clerk's Office nor did he receive any information at all relevant to the order entered. Some weeks after the date it was entered, plaintiff's Philadelphia counsel (who are not counsel of record) inquired about the status of plaintiff's motion to compel and learned that it had long since been disposed of adversely to plaintiff. Thereupon, plaintiff's Philadelphia counsel obtained from the Clerk's Office a copy of the April 24th Order and forwarded it to Mr. Gallwey, who received it on or after May 24th, the last day of the thirty-day appeal time specified by Rule 4(a) of the Federal Rules of Appellate Procedure.

On June 21st, plaintiff moved for an extension until June 25th of the time to appeal. The motion was based on that portion of Rule 4(a) which empowers a District Court, on "a showing of excusable neglect," to extend the appeal time "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

On June 22nd, plaintiff filed its notice of appeal to the Court of Appeals. In filing the notice of appeal while the motion to extend the appeal time was still pending, plaintiff followed the procedural path marked out by our Court of Appeals. *Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084 (3d Cir. 1972). The timeliness of plaintiff's notice of appeal turns on whether I now determine that an extension of plaintiff's time to appeal should be authorized.

Failure to receive notice of the order to be appealed from is exactly the sort of contingency contemplated by the "excusable neglect" proviso. 9 Moore, Federal Practice ¶ 204.13[1] at 968 & n.6. The only real question is how long an extension of the appeal time is appropriate under the circumstances. The outer limit of a permissible extension would be June 23rd, which is thirty days after the date—May 24th—by which plaintiff would have had to have filed a notice of appeal had plaintiff received timely notice of my April 24th order. Thus, under Rule 4(a), I have no power to extend the appeal time to June 25th, the date specified in plaintiff's motion. But the operationally significant issue is whether an extension to June 23rd is appropriate, since plaintiff in fact filed its notice of appeal on June 22nd. I could conclude that in waiting almost four weeks—from on or about May 24th to June 21st—to seek an extension of the appeal time, plaintiff had foregone its entitlement to ask a full thirty-day extension. See *Lowry v. Long Island Rail Road Co.*, 370 F.2d 911 (2d Cir. 1966). However, there is nothing in the record to suggest that the delay has prejudiced Mr. Weiss. Accordingly, in the order entered on June 29, 1979, I retroactively directed that plaintiff's appeal time be extended to June 23rd.