Richard **CHIPPERFIELD**, et al.

v.

**POSI–SEAL INTERNATIONAL,** et al.

**Civ. A. No. 75–0115.**

United States District Court,
D. Rhode Island.

Nov. 23, 1982.

William J. Cintolo, Boston, Mass., Kenneth Borden, William A. Curran, Hanson, Curran & Parks, Providence, R.I., Michael Devine, Kieffer & Hahn, David R. Foley, Holtzmann, Wise & Shepard, New York City, Thomas H. Quinn, Jenckes, Asquith & Davis, Providence, R.I., Leonard Decof, Decof & Grimm, Providence, R.I., and Mario Misci, F. Lee Bailey Law Office, Boston, Mass., for plaintiffs.

William J. Doyle, Mark R. Kravitz, Frank P. Spinello, Jr., of Wiggin & Dana, New Haven, Conn., Thomas D. Edwards, Chaplin, Casner & Edwards, Boston, Mass., and Steven E. Snow, Tillinghast, Collins & Graham, Providence, R.I., for defendants.

## OPINION

FRANCIS J. BOYLE, Chief Judge.

Plaintiff obtained jury verdicts against three of the individual Defendants in this action in the amount of $1,100,000 each after a lengthy trial. The Court, after hearing, granted Defendants' motions for judgment notwithstanding the verdict and for new trials by a decision filed July 28, 1982. A judgment which embodied the Court's decision was entered on August 19, 1982, and admittedly received by Plaintiff's counsel on August 19, 1982. Although Plaintiff's counsel had previously advised Plaintiff that he would be unavailable, for personal reasons, to represent him in an appeal, he did inform Plaintiff that he would file a Notice of Appeal on his behalf in this action. A Notice of Appeal was not filed within thirty days of the judgment as required by Federal Rules of Appellate Procedure, Rule 4(a)(1). The Court has no doubt that this failure was due to upheaval in the personal and professional life of Plaintiff's counsel which began between the time the Court's decision was filed on July 28, 1982, and, the time of the entry of judgment on August 19, 1982, and continued throughout the thirty day period allowed for the filing of a Notice of Appeal.

On September 30, 1982, Plaintiff moved for an extension of the time for filing a Notice of Appeal in accord with Fed.R. App.P. 4(a)(5). Fed.R.App.P. 4(a)(5) provides:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before the expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion whichever occurs later.

Since the motion to extend the time for filing a Notice of Appeal was filed after the expiration of the 30 day period, the standard to be applied is "excusable neglect" and not "good cause." *See* 9 J. Moore's Federal Practice ¶ 204.01[4] (2d ed. 1982).

As amended in 1979, Fed.R.App.P. 4(a)(5) would allow, if literally interpreted, an extension of time within which a Notice of Appeal may be granted for either excusable neglect or good cause. However, the addition of "good cause," which became effective on August 1, 1977, was intended to apply to applications made before the time for appeal had expired; a situation in which excusable neglect was not quite appropriate. *State of Oregon v. Champion International Corp.,* 680 F.2d 1300, 1301 (9th Cir. 1982), *Import Specialties, Inc. v. Mylee Digital Sciences,* 518 F.Supp. 1295, 1296–1297 (E.D.Wis.1981), *See,* Fed.R.App.P. (4)(a)(5), advisory committee note.

In *United States v. Ferrer,* 613 F.2d 1188, 1190–1191, (1st Cir.1980) the court discussed at length the history and application of the "excusable neglect" standard. The application of the standard in civil appeals has been limited to "unique and extraordinary circumstances" and it is made clear that circumstances of oversight or neglect of counsel do not meet the standard.

**1324**

In *Airline Pilots v. Executive Airlines, Inc.,* 569 F.2d 1174, 1175 (1st Cir.1978) the court stated:

"A mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule."

Although there can be no doubt that Plaintiff's counsel's personal problems were sufficient to cause him difficulty in the exercise of his professional responsibilities, there is nothing asserted which would render him professionally impotent, in terms of filing a Notice of Appeal. The requirements are too easily met to consider that the circumstances provide a sufficient excuse.

This Court cannot consider the dubious merit of an appeal in this action. That issue is beside the point at this time. Likewise, the Court cannot be concerned with the unfortunate fact that its determinations during and after trial cannot be scrutinized by another tribunal; however much this Court might prefer the situation to be otherwise, in the interest of perceived integrity of the judicial process.

Motion denied.