Dwight COLEMAN, Lester Crowsheart, Sharon Crowsheart, Russel Folmer, Anna Mae Folmer, George Hatfield, June Hatfield, Donald McCabe, Diane McCabe, Gary Barrett, Rosemary K. Barrett, Richard L. Harmon, Betty J. Harmon, Larry L. Robertson, Nancy K. Robertson, Ross Wade and Maureen Wade, on behalf of themselves and others similarly situated, Plaintiffs,

v.

John R. BLOCK, Secretary of Agriculture; Charles W. Shuman, Administrator of the Farmers Home Administration; Ralph W. Leet, State Director of the Farmers Home Administration; Harold T. Aasmundstad, Glen W. Binegar, Allen G. Drege, Dennis W. Larson, Odell O. Ottmar, and Joseph J. Schneider, as District Directors of the Farmers Home Administration for North Dakota; and Samuel Delvo, Lorace Hakanson, Larry Leier, Charles Schaefer and James Well, as County Supervisors of the Farmers Home Administration in North Dakota, Defendants.

Civ. No. A1–83–47.

United States District Court,
D. North Dakota,
Southwestern Division.

Sept. 17, 1984.

Sarah M. Vogel, Grand Forks, N.D., William R. King, Atlanta, Ga., Burt Neuborne, American Civil Liberties Union, New York City, Allan Kanner, Philadelphia, Pa., Williams, Reesman & Tate, Booneville, Mo., for plaintiffs.

Gary ·Annear, Asst. U.S. Atty., Fargo, N.D., Arthur R. Goldberg, Atty., Dept. of Justice, Civil Division, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

On June 15, 1984, this Court issued an order granting attorneys' fees in the

above-entitled action. 589 F.Supp. 1411. Doc. No. 165. According to Rule 4(a)(1), Fed.R.App.P., the United States has sixty days after the entry of an order to file a notice of appeal. This time-period is jurisdictional, *Browder v. Director of Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521, 531 (1978), and can be extended only "upon a showing of excusable neglect or good cause" by a motion filed not later than 30 days after the expiration of the time proscribed by the Rule. Fed.R.App.P. 4(a)(5). Defendants failed to file their notice of appeal within the sixty-day deadline, but have filed a motion for extension within the thirty-day limit delineated in Rule 4(a)(5).[1] Thus, the only issue remaining is whether defendants can demonstrate sufficient "excusable neglect" to justify their failure to file a timely notice of appeal.

Defendants' reply brief (Doc. No. 174)[2] describes the circumstances which resulted in the late filing:

> The reasons why the Notice of Appeal was not filed until August 15, 1984 are quite straight-forward.... [D]efendants [sic] counsel were aware of the entry of the June 15 Order within a few days of its entry. On June 29, 1984, Mr. Goldberg told Mr. Annear that any appeal of this Order would be handled by Department of Justice attorneys in Washington, D.C. Mr. Goldberg was on leave between July 28 and August 20 and expected that the Notice of Appeal would be filed in his absence. When it was discovered that no Notice had been filed by the sixtieth day, a Motion for Extension of Time and a Notice were filed immediately.

Defendants' Reply Brief (Doc. No. 174 at 2 (footnotes omitted)).

### DISCUSSION

Initially the Rules of Appellate Procedure allowed for an extra thirty days for taking an appeal in the case of "excusable neglect based on the failure of a party to learn of the entry of judgment." Fed.R. Civ.P. 73(a) (1965). In 1966, the reference to a failure to learn of the judgment was omitted, thus empowering the district court "to extend the time [for taking an appeal] upon a showing of excusable neglect of any kind." 1966 Advisory Committee's Notes to Rule 73(a), *reprinted in* 39 F.R.D. 69, 130 (1966). Although the committee intended for the excusable neglect standard to remain a strict one (*see* Stern, *Changes in the Federal Appellate Rules,* 41 F.R.D. 297, 299 (1967)), it also opened the door for the application of a results oriented approach by its reference to the prevention of injustice:

> In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result.

1966 Advisory Committee's Notes to Rule 73(a), *supra,* at 130. Based on this reference in the committee's notes to the effect of the denial of an extension, several courts, including the Eighth Circuit, have construed the excusable neglect standard as allowing an extension either upon a showing of excusable neglect or "in extraordinary cases where injustice would other-

---

1. The "good cause" standard applies only where the motion for extension is made before the jurisdictional time-period lapses. Fed.R.App.P. 4, 1979 Advisory Committee Notes to subd. (a)(5); *Chipperfield v. Posi-Seal Int'l,* 550 F.Supp. 1322, 1323 (D.R.I.1982).

2. Defendants' motion for an extension (Doc. No. 172) did not include a brief in support of the motion, and cited only to Fed.R.App.P. 6(a)(5) [sic] and a case on appeal to the Eighth Circuit which is only tangentially relevant to the appli-

cation of Rule 4(a)(5). Local Rule 5(a) requires submission of a supporting brief within five days after the motion has been filed. According to Local Rule 5(c), "[f]ailure to file briefs within the prescribed time shall subject such motions to summary ruling and the failure to file a brief by the moving party shall be deemed an admission that, in the opinion of counsel, the motion is without merit ...."

This Court will nonetheless consider the motion.

wise result." *See, e.g., Benoist v. Brotherhood of Locomotive Engineers,* 555 F.2d 671, 672 (8th Cir.1977), *citing, Dugan v. Missouri Neon & Plastic Advertising Co.,* 472 F.2d 944 (8th Cir.1973) and *Winchell v. Lortscher,* 377 F.2d 247 (8th Cir.1967). If the government is able to demonstrate that it falls under either of these categories, its motion to extend the time-period for filing its notice of appeal must be granted.[3]

■ The government's legal arguments for the granting of the extension are exclusively directed to the "prevention of injustice" standard. This is understandable since the traditional excusable neglect standard clearly does not apply to the facts in this case.[4] There is no excuse for the government's failure to make a timely appeal. As Chief Justice Burger stated in *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), "[t]he staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done." The same is true for the Department of Justice.

There is even less excuse for an attorney in charge of a case to leave on vacation without making unmistakable arrangements for someone to perform this basic function in his absence. *See Meza v. Washington State Department of Social & Health Services,* 683 F.2d 314, 315–16 (9th Cir.1982); *United States v. Virginia,* 508 F.Supp. 187, 188, 190–92 (E.D.Va. 1981).[5]

Defendants claim in their reply brief (at 3–4) that "this is clearly an extraordinary situation in which substantial injustice may result" if their appeal is not allowed:

The possibility of substantial injustice to defendants in this matter stems from the fact that the sole basis for the award of attorneys' fees in the Order of June 15, 1984, is the *Premachandra* decision holding that fees are awardable under 28 U.S.C. § 2412(b). [*Premachandra v. Mitts,* 727 F.2d 717, 723–30 (8th Cir. 1984).] The Eighth Circuit has now vacated its decision in *Premachandra,* and agreed to rehear the case, *en banc* ....

Defendants should be permitted the requested extension of time in which to file their Notice of Appeal because of the distinct possibility of inconsistent and anomalous results between the instant case and *Premachandra.* If the Eighth Circuit reverses its previous decision in *Premachandra,* the authority for the June 15, 1984 Order of this Court would no longer exist, and, in fact, the controlling law of this Circuit would be contrary to this Court's order. If defendants are precluded from pursuing the instant ap-

---

**3.** It could be argued that the construction of "excusable neglect" to include a prevention of injustice standard improperly expands appellate jurisdiction in direct contravention of Fed.R. App.P. 1(b). Application of the traditional excusable neglect standard entails an examination of events which occurred during the time in which the appeal could have been perfected. The prevention of injustice standard, on the other hand, focuses on the results of a denial of a request for extension and has no relation to the time-periods established by Rule 4(a)(5). Such a change of viewpoint seems contrary to the plain meaning and context of Rule 4's excusable neglect language, despite the advisory committee's note that lead to this construction. But given the reference in *Benoist* to the prevention of injustice standard, this Court is not in a position to question whether this construction of excusable neglect is impermissible.

**4.** *See, e.g., Pasquale v. Finch,* 418 F.2d 627, 629–30 (1st Cir.1969) (mistake in handling of mail in Justice Dept.); *United States v. Virginia,* 508 F.Supp. 187, 188–93 (E.D.Va.1981) (indecisiveness of Solicitor General; attorney's failure to delegate responsibility properly; attorney's instructions as to filing notice of appeal lost). *See generally* cases cited in Annot., 26 A.L.R.Fed. 569 (1976 & Supp.1983); Annot., 9 L.Ed.2d 1088 (1963 & Supp.1983). *See also* Annot., 39 A.L.R. Fed. 829 (1978 & Supp.1983).

**5.** It is apparent from the affidavits submitted by the government that the decision to appeal was made before the attorney left for vacation. Daniel Affidavit at ¶ 3; Goldberg Affidavit at ¶ 5. Thus it is possible that the notice of appeal could have been prepared and sent by the attorney in charge of the case before leaving on vacation. This Court fails to perceive any rationale for waiting until the last minute to file an appeal, especially when the decision to appeal is apparently made some seventeen days before the deadline. *See H.L. Smith, Inc. v. Allied Chem. Corp.,* 564 F.Supp. 377, 379 (M.D. La.1983).

peal, they might be obligated to pay attorneys' fees based on a legal theory rejected by this Circuit. Beyond cavil, this would be a substantial injustice to defendants.

This Court has conducted substantial research in an attempt to find instances where a court allowed an appeal due to "an extraordinary situation in which substantial injustice would otherwise result." Generally speaking, such situations have been found when an appellant relies, to his or her disadvantage, on a district court's improper order extending time for appeal,[6] or where notice of judgment was not received due to an error in the clerk's office.[7] In most of these instances, the courts have merely applied the excusable neglect standard and do not refer to the avoidance of substantial injustice language.

Aside from these two categories, which do not apply to the case at hand, this Court has found only three decisions in which a prevention of injustice standard was employed. In *United States v. Ming Sen Shiue*, 508 F.Supp. 460 (D.Minn.1981), Judge Devitt allowed the motion to extend the time to appeal *nunc pro tunc* for a criminal action because the transcript had already been prepared and filed, counsel who tried the case and knew the issues well were preparing their briefs, and, significantly, the defendant "could probably at some time obtain review of the alleged errors in his trial by writ of *coram nobis* ... or under 28 U.S.C. § 2255." *Id.* at 462. Given these facts, Judge Devitt ruled that

"it would better serve the efficient administration of justice to afford [the] review now, on direct appeal, when the issues are fresh and knowledgeable counsel are prepared to present them."[8] *Id.*

The second case that applies the prevention of injustice standard is *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464 (9th Cir.1984), which involves an appeal from a default judgment of nearly $100 million. The attorney in this case, who had become physically and mentally incapacitated, failed to file the notice of appeal. Instead of applying the traditional excusable neglect standard,[9] the Ninth Circuit applied a prevention of injustice rationale and concluded that an appeal should be allowed, stating that "it would be unjust" to do otherwise. *Id.* at 466. Although this case would be more properly analyzed as an excusable neglect case, it is clear that the Ninth Circuit considered both the reason for the failure to file as well as the potential injustice that would be caused as a result of a denial of the request for an extension.

The third decision applying the prevention of injustice standard is discussed in *Doctor v. Seaboard Coast Line R.R.*, 540 F.2d 699 (4th Cir.1976). The lower court in this case had granted the motion for extension, stating that "[w]hile the defendants have shown sufficient justification for denying plaintiffs' motion, the Court is constrained to believe that the interest of justice would best be served by allowing the

---

**6.** *See, e.g., Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261, 263 (1962); *Thompson v. Immigration & Naturalization Serv.*, 375 U.S. 384, 387, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404, 406–07 (1964); *Fairway Center Corp. v. U.I.P. Corp.*, 491 F.2d 1092, 1092–93 (8th Cir.1974); *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1062–63 (5th Cir.1979). *See generally* Annot., 26 A.L.R.Fed. 569, 595–96 (1976 & Supp.1983).

**7.** *See, e.g., Buckeye Cellulose Corp. v. Braggs Elec. Constr. Co.*, 569 F.2d 1036, 1037–39 (8th Cir.1978) (applying Fed.R.Civ.P. 60(b)(6)); *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 475 F.Supp. 282, 283 (E.D.Pa.1979). *But see L.Z. v. Parrish*, 733 F.2d 585, 587–89 (8th Cir.1984) (despite clerk's error in notification, appeal not

allowed because of lack of diligence of counsel). *See generally* Annot., 26 A.L.R.Fed. 569, 580–83 (1976 & Supp.1983).

**8.** *See United States v. Ferrer*, 613 F.2d 1188, 1191 (1st Cir.1980) (excusable neglect standard less stringent in a criminal setting due to "defendant's special interest in his appeal and the shorter initial period for appeal .... "). *See also James v. United States*, 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 615 (1982) (Brennan, J., concurring in the denial of certiorari).

**9.** The court believed that the excusable neglect standard did not apply because the appellant had received notice of entry of judgment. 739 F.2d at 465.

plaintiffs' motion, so that the issues may be resolved on their merits ...." *Id.* at 703–04. The appellate court stated that it was satisfied with the lower court's decision, even though "it is by no means clear that a finding of 'interest(s) of justice' can be read as a specific finding of 'excusable neglect' under the Rule." *Id.* at 704, *citing, Pasquale v. Finch,* 418 F.2d 627, 630 (1st Cir.1969). The Fourth Circuit apparently believed that the extension was proper under the excusable neglect standard.[10]

It is clear from the first two cases that there are circumstances in which a court must have the option of extending the time for appeal in order to prevent an injustice. Even against the substantial policy considerations concerning finality of judgments,[11] it is occasionally necessary to "bend" the rules to serve the ends of justice. On the other hand, it is important that the exception remains an exception and does not swallow up the rule.[12]

Defendants' argument concerning *Premachandra* is somewhat enticing at first glance, but it fails upon closer scrutiny. It is true that if *Premachandra* is reversed and an appeal in this case is not allowed, this Court's previous decision granting attorneys' fees would be contrary to the applicable law of this circuit. But this cre-

ates no more of an "injustice" than if the Eighth Circuit had reversed a decision underlying a lower court's ruling one day after the appeal period had run; or where a plaintiff's suit for substantial damages against the United States was dismissed for failure to comply with the applicable statute of limitation. Such situations are not extraordinary.[13] Nor are they construed as injustice. They are merely the result of the deadlines imposed in order to provide finality of judgments and efficiency in the administration of justice.

This Court has no doubt that if the circumstances in this action were reversed, an extension would not be allowed. In other words, if the panel decision in *Premachandra* disallowed attorneys' fees, the Eighth Circuit vacated the judgment and granted a rehearing *en banc,* and Ms. Vogel failed to perfect an appeal for identical reasons, this Court would not find excusable neglect or an extraordinary situation in which injustice would otherwise result. Ms. Vogel would have to live with her mistake and without her attorneys' fees.

Taking into account the totality of the circumstances, this Court finds that Defendants have not demonstrated that an extension should be granted.[14] The circum-

---

**10.** *But see United States v. Virginia,* 508 F.Supp. 187 (E.D.Va.1981), discussing the *Doctor* decision:

It should be noted, of course, that if there were no finding of excusable neglect then there was no authority for the district judge to grant the extension. Further, and more important, if no extension were properly granted, then the court of appeals had no jurisdiction. If it had no jurisdiction then it was immaterial whether it was satisfied with the substantive order or not. Thus, it is extremely doubtful that the Fourth Circuit had jurisdiction in *Doctor* to render any opinion. *Id.* at 191.

**11.** For a discussion of the policy reasons behind the deadlines established by former Fed.R.Civ.P. 73 and present Fed.R.App.P. 4, see *Files v. City of Rockford,* 440 F.2d 811, 814 (7th Cir.1971).

**12.** *Contra In re Buckingham Super Markets, Inc.,* 631 F.2d 763, 765–66 (D.C.Cir.1980).

**13.** Defendants do not argue that their late filing resulted from an unexpected change in the law,

and with good reason. The Eighth Circuit granted a rehearing of *Premachandra* on April 18, 1984, long before this Court's June 15th order granting attorneys' fees. Thus the extraordinary situation involved in *Dugan v. Missouri Neon & Plastic Advertising Co.,* 472 F.2d 944, 948 (8th Cir.1973), does not apply to this case.

Perhaps the only unique aspect of this case is that the appellants, unlike non-government entities, are unable to recoup their loss by a malpractice action. In criminal cases, the appellant is afforded the additional remedy provided by either 28 U.S.C. § 2255 or § 2254.

**14.** An evidentiary hearing in this case is not necessary because there is no factual dispute in regards to the reasons for Defendants' failure to file a timely appeal. *See Johnson v. United States,* 405 F.2d 1072, 1074 (D.C.Cir.1968).

The standards applied to the excusable neglect exception are set forth in *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981). Except for those decisions which define extraordinary or unique situations, there is no caselaw that sets forth the proper standards applied to the prevention of

stances which led to the failure to file a notice of appeal are not extraordinary; nor does this case involve an injustice of such magnitude that it would require an exception to the time limits provided by Fed.R. App.P. 4(a).

Therefore, based on the entire file, IT IS ORDERED that Defendants' motion for an extension under Rule 4(a)(5) is DENIED.

injustice exception created by Rule 4(a)(5). The decisions construing Fed.R.Civ.P. 60(b)(6) appear to be the most applicable. *See, e.g., United States v. Cirami,* 563 F.2d 26, 32 (2nd Cir.1977) (extraordinary circumstances or extreme hardship); *West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.,* 213 F.2d 702, 704 (5th Cir. 1954), *citing, Marine Ins. Co. v. Hodgson,* 11 U.S. 332, 336, 3 L.Ed. 362 (1813) (against conscience to execute judgment; judgment rendered without fault or neglect on the part of the party seeking to reform it).