**John SCARPA, Plaintiff, Appellant,**

v.

**William MURPHY, et al.,**
**Defendants, Appellees.**

**No. 85–1706.**

United States Court of Appeals,
First Circuit.

Argued Jan. 7, 1986.

Decided Jan. 28, 1986.

As Amended Jan. 28, 1986.

Robert Christo with whom Robert Christo & Associates was on brief for plaintiff, appellant.

John D. Lanoue with whom J. Norman O'Connor, David B. Mongue and Donovan & O'Connor were on brief for defendants, appellees.

Before COFFIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and ROSENN,* Senior Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

The time for filing plaintiff appellant's notice of appeal from the dismissal of his 42 U.S.C. § 1983 action was due to expire on July 13, 1985. Since that was a Saturday, he had until Monday, July 15. F.R. App.P. 26(a). On Wednesday, July 10 he deposited a proper notice with the West Springfield, Massachusetts Post Office addressed to "United States District Court, Main Street, Springfield, Massachusetts 01103." For some, unexplained, reason the envelope was not delivered to the District Court until Wednesday, July 17. Plaintiff's counsel was promptly notified that his notice was late, and he promptly moved to extend the time for filing pursuant to F.R.App.P. 4(a)(5). This rule permits extension in case of "excusable neglect or good cause." Plaintiff asserted the former, and accompanied his motion with an affidavit from counsel's secretary to the effect that she did not know the number on Main Street assigned to the Courthouse.

■ The district court denied the motion, finding the case "indistinguishable from *State of Oregon v. Champion International Corporation,* 680 F.2d 1300 (9th Cir.1980 [1982])." With respect, we find a significant distinction. In *Oregon* the no-

* Of the Third Circuit, sitting by designation.

tice was addressed to the state court, the wrong court altogether. This could scarcely be an excusable mistake. Cf. *Spound v. Mahasco Industries, Inc.,* 534 F.2d 404 (1st Cir.1976) *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167. Here the only conceivable "mistake" was to omit the number on Main Street. On the understanding that the District Court is a building distinctly marked, and obviously well known to the Springfield Post Office (and, indeed, only a shortish distance away) we do not consider this a mistake at all. We cannot conceive of the Post Office's needing the street number to be aware of the location of the Courthouse.

■ A bit of housekeeping. We regard the *Oregon* court's statement that the phrase "good cause" is applicable only when the motion is filed before the time for filing the appeal has expired, 680 F.2d at 1310, as an unwarranted maiming of the rule. Plaintiff mistook the ground for his motion. The rule expressly recognizes 'good cause' as a basis for extension both before and after the expiration of the appeal time. There was no mistake by counsel, excusable or otherwise. Rather, there was inexcusable neglect by the Post Office to take more than five days (even though this included a weekend) to transmit an adequately addressed letter three miles, and no basis for charging counsel for failing to think that more might be needed. The court should have given the motion a practical meaning, cf. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), as including "good cause," and should have found such.

*Reversed.*