Donald A. VOGELSANG, Plaintiff,

v.

PATTERSON DENTAL CO., a Delaware corporation, and PDA, Inc., a Minnesota corporation, Defendants.

Civ. No. 4–87–690.

United States District Court,
D. Minnesota,
Fourth Division.

July 11, 1989.

Steve G. Heikens, Minneapolis, Minn., for plaintiff.

Ann Huntrods, Diana Vance–Bryan, Briggs & Morgan, St. Paul, Minn., for defendants.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's motion for an order extending the time in which to file notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Plaintiff's motion will be denied.

FACTS

Plaintiff moves the Court to extend the period in which he may file a notice of appeal beyond the thirty days permitted on the ground that notice was timely mailed, but never received by the Court.

Plaintiff Donald A. Vogelsang sued Patterson Dental Company and PDA, Inc. alleging violations of the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Defendants' motion for summary judgment was granted and judgment was entered accordingly on February 17, 1989. *Vogelsang v. Patterson,* CIVIL 4–87–690 (D.Minn. Feb. 17, 1989). Plaintiff's counsel received copies of the Court's Memorandum and Order on February 22, 1989. Affidavit of Steve G. Heikens par. 4. Plaintiff's counsel alleges that on that same day, February 22, he drafted, signed and dated a notice of appeal indicating his intent to appeal the *Vogelsang* decision. Heikens Aff. par. 5. Plaintiff's counsel further alleges that on March 13, 1989 he

returned from a trip to Florida to find that the notice of appeal had not yet been mailed. Heikens Aff. par. 6. Counsel claims he altered the date of his original notice from February 22 to March 13 and, on March 13, 1989, twenty-four days after judgment was entered, deposited the notice in the United States Mail. Heikens Aff. par. 6; *see also* Plaintiff's Reply Memorandum at 3.

According to the Court's files, no notice of appeal was received from plaintiff within the prescribed thirty-day period for filing such notice. *See* Fed.R.App.P. 3, 4. Plaintiff's counsel alleges that on April 14, 1989 he telephoned the United States Court of Appeals for the Eighth Circuit and was informed that no information had been transmitted from the Court regarding the *Vogelsang* case. Heikens Aff. par. 1. At that point, counsel telephoned the Court and was informed that notice of appeal and the required filing fee had not been received. Heikens Aff. par. 8. On April 14, 1989, fifty-six days after judgment was entered, plaintiff's counsel filed a motion with the Court requesting an extended period in which to file notice of appeal. Defendants oppose plaintiff's motion on the ground that plaintiff failed to file timely notice of appeal and has not demonstrated "excusable neglect."

DISCUSSION

I. *Timely Notice of Appeal*

■ The Federal Rules of Appellate Procedure require filing of notice of appeal in civil cases within thirty days after the judgment appealed from is entered. Fed.R. App.P. 3(a), 4(a)(1). The requirement that notice of appeal be timely filed is "mandatory and jurisdictional." *Browder v. Director of Illinois Department of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Where notice has not been timely filed, a court of appeals is without authority to exercise its jurisdiction. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988); *Merrill Lynch, Pierce, Fenner & Smith v.*

*Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir. 1975) ("timely filing is a jurisdictional prerequisite for subject matter appellate jurisdiction in the courts of appeal"). The purpose behind this rigid requirement is "the need for the prevailing party to know, at a fixed time, how the litigation stands." *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 916 (2d Cir.1985); *see also Selph v. Council of City of Los Angeles*, 593 F.2d 881, 882 (9th Cir.1979) ("[s]pecific rules for the finality of judgments are essential to maintain order in the judicial process. Rule 4(a) is construed to protect this value ..."); *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 75 (2d Cir.1978) ("[the purpose] is to provide a definite point at which, in the absence of a notice of appeal, litigation will come to a close"). Filing timely notice is crucial to the appeal process and, absent one of the narrow exceptions carved out by Rule 4, failure to file timely notice bars the court of appeals from reviewing the Court's judgment.

■ Plaintiff's counsel alleges that he mailed notice of appeal to the Court on March 13, 1989, six days before the filing period expired. Heikens Aff. par. 6. However, "simply depositing the notice in the mail is not the same as filing it." *Haney v. Mizell Memorial Hospital*, 744 F.2d 1467, 1472 (11th Cir.1984); *see also Sanchez v. Board of Regents*, 625 F.2d 521, 522 (5th Cir.1980) (depositing notice of appeal in the United States Mail is not equivalent to filing notice for purposes of Rule 4(a)(1)). "[T]he controlling date is that on which [notice of appeal] is *filed* rather than that on which it is mailed." *In the Matter of Bad Bubba Racing Products, Inc.*, 609 F.2d 815, 816 (5th Cir.1980) (emphasis added). Notice of appeal is "filed" when it is received into the custody and control of the district court clerk. *See Ward v. Atlantic Coast Line R. Co.*, 265 F.2d 75, 80 (5th Cir.1959), *rev'd on other grounds*, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820 (1960) ("[b]eing in the custody of the clerk, [notice of appeal] met the requirement that it be 'actually' received in the clerk's office within the thirty-day period"); *accord Hegler v. Board of Education*, 447 F.2d 1078 (8th

Cir.1971), *citing Ward* 265 F.2d at 80, with approval. In 1988, the Supreme Court recognized that the rule requiring actual receipt of a notice of appeal has gained wide acceptance:

> [A] large body of lower court authority has rejected the general argument that a notice of appeal is "filed" at the moment it is placed in the mail addressed to the clerk of the court—this on the ground that *receipt* by the district court is required. To the extent these cases state the general rule in civil appeals, we do not disturb them.

*Houston v. Lack*, —— U.S. ——, 108 S.Ct. 2379, 2384, 101 L.Ed.2d 245 (1988) (citations omitted).[1] Based on the foregoing, plaintiff's counsel cannot claim that, for purposes of Rule 4(a), his notice of appeal was timely filed upon mailing.

## II. *Excusable Neglect*

■ The requirement that notice of appeal be delivered to the district court within thirty days after judgment is entered is mitigated by Rule 4(a)(5), which permits a district court to extend the time for filing notice "upon a showing of excusable neglect or good cause." Fed.R.App.P. 4(a)(5). Prior to 1979, "excusable neglect" was the only mitigating factor expressed in the rule; the words "or good cause" were added by amendment in 1979. The Advisory Committee's Note to Rule 4(a)(5) indicates that the excusable neglect standard "never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case

'good cause,' which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate." Fed.R.App.P. 4 Advisory Committee's Note. Hence, " 'excusable neglect' is the appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, while 'good cause' is the appropriate standard in cases in which the appellant seeks an extension of time before the expiration of the initial thirty-day period." *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 601 (7th Cir.1987); *accord In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir.1985) ("[t]he good cause standard applies ... prior to the expiration of the initial thirty days. To procure an extension after those first thirty days, the movant must show excusable neglect."). Although the United States Court of Appeals for the First Circuit concluded in *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir. 1986), that Rule 4(a)(5) "expressly recognizes 'good cause' as a basis for extension both before and after the expiration of the appeal time," *id.* at 301, its opinion did not take into account the Advisory Committee's Note and has not been followed in other circuits. Accordingly, the Court finds that "excusable neglect" is the appropriate standard for it to apply in considering plaintiff's motion for an extended period in which to file notice of appeal.

■ The standard plaintiff must meet in order to demonstrate "excusable neglect" under Fed.R.App.P. 4(a)(5) is extremely strict. *In re O.P.M. Leasing Services,*

---

**1.** See also the Eighth Circuit's conclusion that with regard to Bankruptcy Rule 802(a), which establishes a ten-day period for filing timely notice of appeal, " 'the weight of authority rejects the mailbox rule.... [Most courts have agreed that] the filing date, not the mailing date, determines whether an appeal is timely filed.' " *In re Ozark Restaurant Equipment Co.*, 761 F.2d 481, 482 n. 1 (8th Cir.1975), *quoting In re LBL Sports Center, Inc.*, 684 F.2d 410, 413 (6th Cir. 1982). The Advisory Committee's Note to Rule 802 (now Rule 8002) states that the rule "is an adaptation of Rule 4(a) F.R.App.P.," Bankruptcy R. 8002 Advisory Committee's Note, and courts have consistently concluded that Bankruptcy R. 8002(a) and Fed.R.App.P. 4(a) should be similarly interpreted. *See, e.g., In re LBL Sports Center, Inc.*, 684 F.2d at 412 n. 3 ("[b]ecause of the

similarities between the two rules, cases construing the timeliness requirements of the general federal appellate rule are helpful in construing Rule 802"); *Bad Bubba Racing*, 609 F.2d at 816 (in interpreting Fed.R.App.P. 4(a), "we have recognized the 'well-established' principle that the time limit for an appeal is jurisdictional and that deposit of notice in the mail is not equivalent to filing it. We see no reason to depart from this principle in the context of bankruptcy proceedings...."). Although the Eighth Circuit has not directly disavowed use of the "mailbox rule" with regard to Fed.R.App.P. 4(a), the Court finds the Eighth Circuit's interpretation of Bankruptcy Rule 8002(a) instructive as to the correct interpretation of Fed.R.App.P. 4(a).

*Inc.*, 769 F.2d 911, 916–17 (2d Cir.1985). Furthermore, the party who moves for an extension of the filing period bears the burden of demonstrating excusable neglect. *See Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir.1977). Therefore, plaintiff's counsel bears the burden of clearly demonstrating that his failure to file timely notice is attributable to excusable neglect.

The Eighth Circuit has only rarely addressed the question of what constitutes excusable neglect for purposes of filing timely notice. In *Benoist v. Brotherhood of Locomotive Engineers*, 555 F.2d 671 (8th Cir.1977), the court held that "[in] general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result." *Id.* at 672; *see also Dugan v. Missouri Neon & Plastic Advertising Co.*, 472 F.2d 944, 948 (8th Cir.1973) ("the District Court does have the power to grant extensions in extraordinary cases so that injustice may be avoided").[2] Plaintiffs in *Benoist* argued that notice of appeal was prepared before the filing deadline, but was mailed one day late in part because counsel was out of town for fourteen days following entry of judgment. The court concluded that plaintiffs' untimely filing was not attributable to extraordinary circumstances constituting excusable neglect

and denied their motion to extend the filing period. *Benoist*, 555 F.2d at 672 ("We cannot say that plaintiffs have made such a compelling showing of excusable neglect that the district court's finding to the contrary was an abuse of its discretion."). Likewise, in this case, the Court finds that plaintiff's counsel has not demonstrated that his failure to file timely notice of appeal was attributable to such extraordinary circumstances as to justify the Court in finding excusable neglect. In his affidavit, plaintiff's counsel describes no debilitating illness nor other circumstances entirely beyond his control; plaintiff's counsel does no more than suggest misdelivery of the notice of appeal. Such an allegation, standing alone, does not amount to extraordinary circumstances sufficient to justify a finding of excusable neglect.

Several circuits have more recently interpreted the excusable neglect exception. In *650 Park Avenue Corp. v. McRae*, 836 F.2d 764 (2d Cir.1988), the United States Court of Appeals for the Second Circuit denied plaintiff's motion for an extension, filed fifty-six days post-judgment, where counsel claimed to have prepared notice of appeal immediately and to have learned only after the thirty-day filing period expired that his clerical service neither received the notice nor filed it with the district court. *Id.* at 767. The court concluded that even had

---

**2.** The court's interpretation of excusable neglect reflects the Advisory Committee's note to former Fed.R.Civ.P. 73(a), the precursor to Fed.R. App.P. 4(a). In relevant part, the Advisory Committee stated:

In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result. Fed.R.Civ.P. 73(a) (1966) Advisory Committee's Note, *quoted in Coleman v. Block*, 593 F.Supp. 367, 368 (D.N.D.1984). Although the district court in *Coleman*, 593 F.Supp. at 368–69, found that the Eighth circuit, relying on the Advisory Committee's Note, "construed the excusable neglect standard as allowing an extension either upon a showing of excusable neglect or 'in extraordinary cases where injustice would otherwise result,'" *id.*, no Eighth Circuit opinion has ever recognized a result-oriented "injustice" test

independent of the excusable neglect standard. *See, e.g., Winchell v. Lortscher*, 377 F.2d 247, 252 (8th Cir.1967):

[T]he district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result, [however] it is clear that it remains incumbent upon appellant to show that he comes precisely within the scope of Rule 73(a) which still requires a showing of excusable neglect....

*Id.; see also Pratt v. McCarthy*, 850 F.2d 590, 593 (9th Cir.1988) (rejecting appellant's argument for separate "unjust result" test independent of excusable neglect standard); *Islamic Republic of Iran v. Boeing*, 739 F.2d 464, 465 (9th Cir.1984) (finding excusable neglect on ground that debilitating physical and mental illness of counsel constituted extraordinary circumstances where injustice would result were motion denied). Accordingly, the Court will consider extraordinary circumstances only to the extent that such circumstances relate to excusable neglect.

counsel provided a sworn statement that he indeed transmitted the completed notice to his clerical service, "a finding of excusable neglect would not be justified [because counsel] had ample opportunity to learn that it had not been filed." *Id.; accord Pratt v. McCarthy*, 850 F.2d 590, 592 (9th Cir.1988) (Finding no excusable neglect where attorneys for habeas petitioner failed to check "to ensure that a notice of appeal was filed when the deadline approached. To find excusable neglect on these facts would be to run roughshod over our existing precedent and the purpose of Rule 4(a)."). Plaintiff's counsel here finds himself in similar circumstances. Despite allegedly preparing notice of appeal immediately upon receiving the Court's Memorandum and Order, he claims to have learned only well after the filing deadline passed that notice was never received by the Court. In the intervening twenty-five days (March 20 to April 13), counsel apparently made no attempt to ascertain that his notice of appeal had indeed arrived. The Court finds that counsel here has no more demonstrated excusable neglect than did counsel in *McRae*.

The United States Court of Appeals for the Ninth Circuit reached a similar result in *Oregon v. Champion International Corp.*, 680 F.2d 1300 (9th Cir.1982), where counsel inadvertently addressed notice of appeal to the Oregon state court, rather than to the federal court, and notice arrived one day late. In denying plaintiff's motion for an extension, the court concluded that "[e]xtending the excusable neglect exception to clerical errors of counsel or counsel's staff would be inconsistent with the Advisory Committee's intent to limit the exception to extraordinary cases and would thwart the Rule's purpose of promoting finality of judgments." *Id.* at 1301 (citations omitted). Counsel here states only that he "deposited it [notice of appeal] in the mail." Heikens Aff. par. 6. He makes no claim nor offers any evidence to verify that the United States Mail, rather than his own inadvertent clerical error, was responsible for the non-delivery of his notice. The Court finds that counsel's state-ment, standing alone, is insufficient to support a finding of excusable neglect.

In an attempt to provide a measure of structure to the necessarily case-by-case determination of excusable neglect, the United States Court of Appeals for the Third Circuit set out several factors for courts to consider when inquiring "as to the reasons underlying counsel's inadvertence:"

(1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure;

(2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court;

(3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence;

(4) whether the inadvertence reflects a complete lack of diligence; or

(5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

*Consolidated Freightways Corp. of Delaware v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987) (citations omitted). The second factor set forth in *Larson*, regarding easily manufactured but hard-to-verify excuses, is particularly apposite here. Counsel offers only the statement in his affidavit that he deposited notice of appeal in the mail on March 13 together with what he alleges is a photocopy of that notice. Claiming that one deposited a letter in the mail is certainly not a difficult excuse to manufacture when faced with the apparent non-delivery of that letter. As well, there is little the Court can do, given the evidence offered by plaintiff's counsel, to verify that indeed notice of appeal was placed in a properly addressed, stamped envelope and deposited in the United States Mail in time to arrive before the filing deadline. Under these circumstances, the Court must find that counsel's asserted reason for his untimely filing does not constitute excusable neglect.

Counsel's claim of excusable neglect here is unlike that recently accepted by the First Circuit in *Scarpa v. Murphy*, 782 F.2d 300 (1st Cir.1986). Counsel in *Scarpa* mailed notice of appeal five days before the filing

period expired, however, it arrived at the court two days late, apparently because counsel did not include the street address of the courthouse on the envelope. Specifically distinguishing *Oregon v. Champion International Corp.*, 680 F.2d 1300 (9th Cir.1982) (no excusable neglect where notice is addressed to the state, rather than the federal, court), the court found that counsel had no reason to expect the post office would delay delivery of his letter to the only federal court building in Springfield, Massachusetts. Quite unlike the Court here, the First Circuit did not have to determine whether or not notice had ever been mailed, as it arrived at the court just two days late. The court was therefore able to conclude that the letter was appropriately addressed and bore sufficient postage, and that the only neglect was that of the post office in failing to deliver an adequately addressed letter on time. *Scarpa*, 782 F.2d at 301 ("there was inexcusable neglect by the Post Office to take more than five days ... to transmit an adequately addressed letter three miles ...").

Likewise, counsel's claim here is not supported by the United States Court of Appeals for the Fifth Circuit's finding of excusable neglect in *Sanchez v. Board of Regents of T.S.U.*, 625 F.2d 521 (5th Cir. 1980). Notice of appeal in *Sanchez* arrived at the district court four days after it was mailed and two days after the filing period had expired. The court concluded that "reliance on the normal course of delivery of mail is reasonable and may be the basis for a court to excuse otherwise untimely filing." *Id.* at 522. Like the First Circuit in *Scarpa*, the *Sanchez* court had proof in hand that counsel had indeed deposited a properly addressed, stamped envelope bearing notice of appeal in the United States Mail on the day he claimed to have done so. The Court here has no such proof, and lacking any other evidence of excusable neglect, the Court must deny plaintiff's motion to extend the time for filing a notice of appeal.

## III. *Presumption of Mailing and Delivery*

■ Although plaintiff's counsel states in his affidavit that he "deposited [notice of appeal] in the mail" on March 13, Heikens Aff. par. 6, he has not provided the Court sufficient ground on which to presume either that notice was indeed placed in the mail as alleged or that it was subsequently delivered to the clerk of court. In a 1970 case involving a dispute over receipt of a military induction notice, the Eighth Circuit declared that "[i]t is, of course, elementary that proof of deposit of an item in the mail raises a presumption that it has been delivered." *United States v. Garrity*, 433 F.2d 649, 652 (8th Cir.1970), *citing* 1 Wigmore, *Evidence* § 95 (3d ed. 1940). The court in *Garrity* had before it evidence that the induction notice at issue was addressed, stamped and placed in the mail, and defendant made no attempt to rebut this evidence. *Id.* In sharp contrast, plaintiff's counsel here presents only his own claim that notice of appeal was deposited in the mail, while the records of the Court suggest that no such notice was ever received. The Court finds that counsel has not offered sufficient proof that notice was timely mailed to be entitled to the presumption that notice was indeed delivered.

The Eighth Circuit's conclusion in *Garrity* reflects the common law rule that "to establish mailing in order to benefit from the presumption that a letter has been received, proof of three things [is] required: That (1) the letter was properly addressed, (2) had sufficient postage and (3) was properly deposited in the mails." *Simpson v. Jefferson Standard Life Insurance Co.*, 465 F.2d 1320, 1323 (6th Cir.1972); *accord Seven Provinces Insurance Co. v. Commerce & Industry Insurance Co.*, 65 F.R.D. 674 (W.D.Mo.1975) (rebuttable presumption of receipt requires proof of mailing in the form of direct evidence that correspondence was prepared, properly addressed, stamped and mailed); *Tisch Family Foundation v. Texas National Petroleum Co.*, 326 F.Supp. 1128, 1132 (D.Del. 1971) ("mail which is properly addressed and mailed postage prepaid is presumed to be duly received by the addressee, but such a mailing must be proven in order to activate the presumption"). Hence, the Court

finds that plaintiff's counsel has not provided sufficient evidence to warrant a presumption that notice of appeal was indeed mailed and subsequently received, thereby shifting to defendants the burden of producing evidence sufficient to offset that presumption. *See O'Brien v. Equitable Life Assurance Soc. of United States*, 212 F.2d 383, 386 (8th Cir.1954) ("[a rebuttable legal presumption] casts upon [the adverse party] the burden of going forward with substantial evidence to the contrary which, if adduced, destroys the procedural presumption on which plaintiff had relied as an evidentiary substitute").

## IV. *Conclusion*

The requirement that notice of appeal be timely filed is mandatory and jurisdictional. In order to be timely filed, notice of appeal must be received by the district court within the prescribed filing period. The district court cannot extend the filing period once the deadline has passed unless the would-be appellant clearly demonstrates excusable neglect. Excusable neglect is strictly interpreted and does not include counsel's clerical errors, inadvertence, or failure to make certain that notice of appeal was indeed received. The Court finds that plaintiff's counsel has not demonstrated that his failure to file timely notice was attributable to circumstances entirely beyond his control; nor has counsel offered sufficient evidence of mailing to entitle him to the presumption that notice was indeed delivered. Accordingly, plaintiff's motion for an extended period in which to file an appeal will be denied.

Based on the foregoing, and upon all the files, records, proceedings and arguments of counsel,

IT IS ORDERED that plaintiff's motion for an extension of time for filing a notice of appeal is denied.