Fremont-Smith, Thayer, J.
In this medical malpractice case against decedent’s treating physicians, Mrs. Keown died on September 8, 2004 and the complaint was filed on September 6, 2007. The 90-day period for service of the complaint on the defendants under Rule 4(j) expired on December 5, 2007. Before December 5, the plaintiffs filed an ex parte motion to extend the deadline to March 5,2008 which was allowed by Judge Staffier-Holtz. Before March 5, plaintiffs filed a second motion to extend the deadline by 90 days to June 6, 2008, which was allowed by myself. Before June 6 plaintiffs filed a third ex parte motion to extend the deadline to September 8, 2008 which I allowed with an order to the hospital to produce a missing medical report.[1] Before September 8, plaintiffs filed a fourth motion to extend the deadline to November 27, 2008 which Judge Billings allowed. On October 6, 2008, Newton-Wellesley Hospital moved for reconsideration of the extension to November 27, 2008 regarding which I ordered on October 14, 2008:
Motion (P#6) Denied for reasons stated in opposition. While there was good cause for the delay in service until the Criminal Trial of James Keown was over and until the withheld medical document was produced, there can be no excuse for delay of service after the 11-27-08 extended deadline for service.
It is stipulated that the two defendants who were not served until after November 27, 2008 (Dr. Callahan and Newton-Wellesley Hospital) should be dismissed, but all of the other defendants also now move to dismiss the complaint on the ground that the prior orders of the three judges of this Court who granted extensions and/or refused to reconsider the extensions, were error. All of the defendants except the two whom the parties have stipulated should be dismissed were served before the final November 27, 2008 deadline.
Rule 4(j) of the Massachusetts Rules of Civil Procedure, effective July 1, 1988, provides:
Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
In denying Newton-Wellesley Hospital’s motion for reconsideration on October 14, 2008,1 ruled that the pendency of the murder trial against Mr. Keown[2] and the lack of production of a medical report by a hospital resident regarding the possible poisoning of Mrs. Keown constituted “good cause” for the delay in making service of process on the defendants. At trial, Mr. Keown defended on the ground that Mrs. Keown had herself imbibed the poison (i.e., had committed suicide), but several doctors from the hospital who were named but as yet unserved defendants in this case testified that her poisoning was not a one-time event but was a continuous, lengthy process. As the doctors’ testimony could be taken to indicate that their failure to make an earlier diagnosis was negligent, their testimony might have been inhibited had they been aware of the pending malpractice lawsuit against them. I viewed this circumstance as “good cause" in allowing the motion.
Where, unlike here, a motion to extend the time for service has been not been brought until after the deadline for service, Rule 4(j) has been strictly enforced. Thus, in Commissioner of Revenue v. Carrigan, 45 Mass.App.Ct. 309 (1998) at 311-12:
Good cause is “a stringent standard requiring diligen[t]” albeit unsuccessful effort to complete service within the period prescribed by the rule. Ibid.., quoting from Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D.La. 1985). Hull v. Attleboro Sav. Bank, 33 Mass.App.Ct. 18, 26 (1992). Federal Rule 4(j)[3] renders dismissal after 120 days mandatory rather than discretionary in the absence of good cause or a request for extension of time. United States v. Gluklick, 801 F.2d 834, 837 (6th Cir. 1986), cert. denied, 480 U.S. 919 (1987). See Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305-06 (5th Cir. 1985).
Similarly, in Hull v. Attleboro Sav. Bank, 33 Mass.App.Ct. 18 (1992), the court said [at 26]:
“Good cause” is “a stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule.” Shu *356 man v. Stanley Works, supra at 953, quoting from Davis-Wilson v. Hilton Hotels Corp., 106 P.R.D. 505, 509 (E.D.La. 1985). See Geiger v. Allen, supra at 332. The plaintiff argues that the judge implicitly found that there was good cause for the plaintiffs delay of service. The record provides no basis for such a finding, however, because there was no recognizable good cause for failure to make service. Indeed, there is not even a claim that the plaintiff attempted to make service at any time from the filing of the action on August26,1985, until service was made on November 25,1988. The plaintiff argues that good cause existed because case no. 20499 would have been rendered moot if a decision was made for the defendants in case no. 19703. The argument fails because the good cause exception to rule 4(j) applies only when there has been diligent effort timely to effect service. It was error to deny the rule 4(j) motion to dismiss.
See also the other cases cited by defendants at pp. 10-11 of their memorandum in support of their motion. In all those cases, the motion to extend the time for service had not been filed until after the time for service had expired.[4]
Where, however, a motion to extend has, as here, been filed within the service deadline, a plaintiff may resort to the more liberal “cause” standard of Rule 6(b). Thus, in Corrigan, supra, the Court said (at 314): “When the [rule 4(j)] period reaches its expiration and adequate proof of service of process has not been received, the plaintiff must take additional steps to ensure timely service of process, or, in the alternative, move under [rule] 6(b) for an enlargement of the time to effect service of process" (emphasis added), and quoted, (at 312) from Wright and Miller, Federal Practice and Procedure, 911138 (1982), that “rule 4(j) execution is not unduly harsh due to the liberal extension of time allowances permitted under Rule 6(b).”
In Brunelle v. Blaise, DDS, 2004 WL 2746313 (Mass.Super. 2004) [18Mass. L. Rptr. 556], Judge Agnes, in allowing a motion to enlarge the time in which to complete service, reviewed all of the decided cases up to that time, and stated the rule to be as follows:
Enlargements before the 90 days expires. Before the 90 days within which service of the summons and complaint must be made under Mass.R.Civ.P. 4(j) or any period of extension beyond the 90 days previously allowed by the court, a party may obtain an enlargement of time upon a showing of cause. Mass.R.Civ.P. 6(b)(1). The trial judge is called upon to exercise discretion. See Giacobbe v. First Coolidge Corp., 367 Mass. 309, 317 (1975). No notice is required to be given to the other side and the extension may be granted without motion. Mass.R.Civ.P. 6(b)(1). In practice, this norm is usually satisfied by a showing of good faith and lack of prejudice to the adverse party. Smith & Zobel, Rules Practice §6.3 (6 Mass. Practice 1974). Commentators assessing the caselaw interpreting the corresponding federal rule describe the discretion as “wide” and the burden on the party seeking the extension as limited to showing “some justification” for the extension. 4B Wright & Miller, Federal Practice and Procedure §1165 at 520, 521 (2002).
When a motion to extend the time has not been filed until after the expiration of the time for service, Judge Agnes stated the rule to be as follows:
When, as in this case, a party files a motion to enlarge the time in which to complete service under Mass.R.Civ.P. 6(b)(2) after the expiration of the 90 days permitted by Mass.RCiv.P. 4(j), the first question that arises is whether the moving party must satisfy the “good cause” requirement of Rule 4(j) as well as the “excusable neglect” standard of Rule 6(b)(2). This, in turn, raises the question of the relationship between the requirement of “excusable neglect” in Rule 6(b)(2) and “good cause” in rule 4(j). If the reason for the failure to complete service involves a failure by someone other than the plaintiff (e.g., negligence on the part of the process server, willful evasive action taken by the defendant etc.), it makes no sense to demand that the moving party demonstrate “excusable neglect.” See Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 231 (7th Cir. 1990); Scarpa v. Murphy, 782 F.2d 300 (1st Cir. 1986). The question of this relationship has led courts to reach differing and inconsistent results. Some courts simply equate the two concepts. See, e.g., MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995). Other courts take the position that “excusable neglect” is a more demanding standard than “good cause.” Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 909-10 (7th Cir. 1989); Oregon v. Champion Int'l Group, 680 F.2d 1300 (9th Cir. 1982) (per curiam). Compare Old Colony Bank and Trust Company, 10 Mass.App.Ct. 825 (1980) (rescript). Finally, courts have expressed the view that “good cause” is a more demanding standard than “excusable neglect” even though it will only rarely come into play. See Lorenzen v. Employees Retirement Plan, supra at 231-32 (7th Cir. 1990).
Here, each motion for an extension was filed before the previously-allowed deadline so that the Court exercises its wide discretion and rules that there was cause for all of the extensions granted by the judges of this Court. The Court believes that, to dismiss the defendants, would be inequitable in the circumstances here where the statute of limitations has now expired and it would severely penalize plaintiffs who reasonably relied on the Court’s actions.[5]
ORDER
Accordingly, defendants’ motions to dismiss all of the defendants are DENIED except as to the two late-served defendants (Newton Wellesley Hospital and William Callahan), as to whom the motions are ALLOWED.

It was later determined the report was not contained in the hospital records. It has now been located and produced.

Mr. Keown was convicted by a jury of the first degree murder of his wife by poisoning.

As stated in Corrigan, supra, “Rule 4(j) is identical to the Federal counterpart” except as to the time period for service.

These cases are: Nell v. Bellucci, 437 Mass. 630, 640 n.8 (2002); Hull v. Attleboro Savings Bank, 33 Mass.App.Ct. 18, 25-26 (1992); Kennedy v. Beth Israel Deaconess Medical Center, Inc., 73 Mass.App.Ct. 459 (2000); and Shuman v. The Stanley Works, 30 Mass.App.Ct. 951 (1991).

There is no reason to believe that, but for the Court’s actions, some or all of the defendants would not have been served within the 90 days as provided by Rule 4(j).